# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| Suite 5100 | Suite 1400 | Suite 3800 |
| 1000 Louisiana Street | 1900 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

Cory Buland
Direct Dial (212) 471-8349

E-Mail cbuland@susmangodfrey.com

April 14, 2022

The Hon. J. Paul Oetken
United States District Court
 for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Assad v. E.Merge Technology Acquisition Corp.*
                  Case No. 21-cv-07072

Dear Judge Oetken:

      We write regarding the SEC's proposed Investment Company Act Rule 3a-10 (Rule). *See* Exhibit A. The Rule leaves no doubt that Defendants are in violation of the Investment Company Act (ICA) and will remain in violation until they return investors' money as soon as reasonably practicable. Defendants are illegally holding $600 million; if they do not promptly return that money, the Court should consider the proposed Rule as additional relevant authority in denying Defendants' motions to dismiss.

      In proposing the Rule, <u>the SEC agrees with Plaintiff</u> that SPACs can "raise the investor protection concerns addressed by the Investment Company Act" and that "certain SPAC structures and practices may raise serious questions as to their status as investment companies." Proposing Release at 135-36. The Rule requires a SPAC, to avoid violating the ICA, to "announc[e] that it has entered into an agreement with the target company . . . no later than 18 months after the effective date of the SPAC's registration statement for its initial public offerings." Proposing Release at 152; Rule 3a-10(a)(3)(ii). "The SPAC [is] also required to distribute its assets in cash to investors as soon as reasonably practicable if it does not meet" "the 18-month deadline." Proposing Release at 153; Rule 3a-10(a)(4)(ii).

April 14, 2022
Page 2

    E.Merge completed its IPO 20 months ago and therefore cannot satisfy the Rule's safe harbor conditions—even if the conditions are to be adopted. Contrary to Defendants' claims in their motion to dismiss that the SEC has never opined on the relationship between SPACs and the ICA, the SEC has now spoken: the ICA applies to E.Merge and E.Merge must liquidate its assets and distribute them to shareholders as soon as possible.

    E.Merge is in violation of the ICA now and even if the SEC enacts this proposed safe harbor, E.Merge can never satisfy its conditions. In the Rule's release, the SEC stated, "the inability of a SPAC to identify a target and complete a de-SPAC transaction within the proposed timeframe would raise serious questions concerning the applicability of the Investment Company Act to that SPAC." Proposing Release at 155. Consistent with the SEC's common practice when establishing that failure to comply with a safe harbor renders a regulated entity out of compliance with law, the release repeatedly warns that "serious questions" about ICA violations arise for SPACs that cannot comply with the Rule. Proposing Release at 136, 138, 155.

    We hope E.Merge intends to belatedly comply with the law and "distribute its assets in cash to investors as soon as reasonably practicable." Defendants have no excuse for holding investors' $600 million for the four months until the SPAC expires. Rather than continuing to waste the Court's time and investors' money by illegally sitting on $600 million of investor funds, Defendants should do what the SEC has asked and federal securities law requires: give investors back their money as soon as possible.

    To date, Defendants have announced no intention to do what the law requires. If Defendants do not promptly return investors' money, Plaintiff respectfully requests that the Court consider the Rule as supplemental authority and deny Defendants' motions to dismiss.

Sincerely,

*/s/ Cory Buland*

Cory Buland

  cc:    All counsel of record